NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAR 13 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No.    16-50353 |
| Plaintiff-Appellee, | D.C. No. SACR 11-126(A)-JVS |
| v. | |
| JULIANA JAMES ENGLAND | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
James V. Selna, District Judge, Presiding

Submitted March 5, 2017**
Pasadena, California

Before:  GRABER and OWENS, Circuit Judges, and MAHAN,*** District Judge.

Juliana James England appeals from her conviction and sentence for wire

fraud, in violation of 18 U.S.C. § 1343.  The district court sentenced Defendant to

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

\*\*\*      The Honorable James C. Mahan, United States District Judge for the District of Nevada, sitting by designation.

thirty-seven months in prison and ordered her to pay $368,152.00 in restitution. We have jurisdiction under 28 U.S.C. §§ 1291 & 1294(1), and we affirm.

We employ a two-step inquiry for challenges to sufficiency of the evidence. *United States v. Nevils*, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc). First, we "must consider the evidence presented at trial in the light most favorable to the prosecution." *Id.* at 1164. Second, we must determine whether the evidence, so construed, "is adequate to allow '*any* rational trier of fact to find the essential elements of the crime beyond a reasonable doubt.'" *Id.* (alteration in original) (brackets omitted) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). In other words, the defendant must point to evidence "so supportive of innocence that no rational trier of fact could find guilt beyond a reasonable doubt." *Id.* at 1169.

"A wire communication is 'in furtherance' of a fraudulent scheme if it is incident to the execution of the scheme, meaning that it need not be an essential element of the scheme, just a step in the plot. *United States v. Jinian*, 725 F.3d 954, 960 (9th Cir. 2013) (citations and internal quotation marks omitted).

Here, sufficient evidence supports the jury's conclusion that the bank's transmittal of monthly credit card statements via email was in furtherance of Defendant's scheme to defraud her employer. The emailed statements meet the "in furtherance of" standard because Defendant's ongoing scheme to defraud depended on her receipt and prompt payment of the statements each month.

16-50353

The fact that the bank automatically generated and emailed the statements on a monthly basis does not eliminate the statements' critical role in the execution of Defendant's ongoing scheme. *See Schmuck v. United States*, 489 U.S. 705, 711-12 (1989) (holding that "routine" mailings that occurred "after the fraud [had] come to fruition" were part of the execution of the defendant's fraudulent scheme because the fraud was not a "'one-shot' operation," but an "ongoing fraudulent venture").

Further, the electronic nature of the statements allowed Defendant to conceal the fraudulent charges from her employer, as only she knew how to operate the single desktop computer in the office. Accordingly, there was sufficient evidence for a jury to conclude that the wired statements were in furtherance of Defendant's scheme to defraud. Defendant has failed to demonstrate that no rational trier of fact could find guilt beyond a reasonable doubt.

**AFFIRMED.**

16-50353